Sheehan & Associates, P.C.
Spencer Sheehan
spencer@spencersheehan.com
(516) 303-0552

United States District Court
Eastern District of New York                                      1:19-cv-01459

| | |
|---|---|
| Leslie Bowman, Angela Cosgrove, individually and on behalf of all others similarly situated | |
| Plaintiffs | |
| - against - | Complaint |
| Claire's Stores, Inc. | |
| Defendant | |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Claire's Stores, Inc. ("defendant") manufactures, imports, packages, distributes, labels and sells cosmetic products including eye shadows, compact powders and contour palettes under the "Claire's" brand (the "Products").

2.      The Products are sold from defendant's brick-and-mortar retail stores across the United States and available from defendant's website[1].

3.      Defendant is one of the "world's leading specialty retailers of fashionable jewelry and accessories for young women, teens, tweens and kids"[2] although its customers include persons outside of this target demographic.

---

[1] www.claires.com
[2] http://www.clairestores.com/company-profile/company-overview

4.      Defendant has almost one billion female customers worldwide who rely on it for obtaining cosmetic and aesthetic-enhancement products.

5.      Recent testing conducted by the Occupational Safety and Health Administration ("OSHA"), an agency of the federal government, and AMA Analytical Services, Inc., has revealed that from at least 2016 to 2019, the Products sold to plaintiffs and consumers contained asbestos.

6.      The images below are some of the Product types where asbestos was found.

 



7.      Asbestos is a mineral present near talc mines and unless mining sites are selected carefully and the talc ore adequately purified, "the talc may be contaminated with asbestos."[3]

---

[3] https://www.fda.gov/Cosmetics/ComplianceEnforcement/RecallsAlerts/ucm632681.htm

2

8.      Numerous official health and scientific bodies, including the Food and Drug Administration ("FDA") have confirmed asbestos "is a known carcinogen and its health risks are well-documented."

9.      According to Wikipedia, "All types of asbestos fibers are known to cause serious health hazards in humans."[4]

10.     The Asbestos Network concluded that there is no such thing as a "safe amount" of asbestos exposure because "all asbestos exposures should be deemed as potentially harmful."[5]

11.     This exposure increases the risk of developing fatal and debilitating illnesses and diseases including mesothelioma and asbestosis.

12.     The presence of asbestos in the Products is especially dangerous and harmful because the Products are applied to the body and may be inhaled, absorbed, or ingested during normal and anticipated use and application.

13.     In marketing and distributing the Products, defendant affirmatively and impliedly represented they were suitable for ordinary use as cosmetics – the enhancement and modification of physical appearance or structure.

14.     Defendant distributed the Products despite the presence of asbestos, and being aware of the harm caused by potential exposure and knowing they were not free from asbestos.

15.     Nowhere on the Products did defendant disclose the possible presence of asbestos.

16.     The ingredient list in the Products did not include asbestos

17.     Defendant failed to adequately audit, monitor and inspect the importing,

---

[4] https://en.wikipedia.org/wiki/Asbestos
[5] https://www.asbestosnetwork.com/blog/2017/09/how-much-asbestos-exposure-is-harmful-there-is-no-safe-amount.shtml

3

manufacturing and/or packaging of the Products and permitted them to reach the end-consumer while containing asbestos, which is extremely dangerous and potentially lethal.

18.    Defendant knew, or should have known, that the ordinary and customary use of the Products, as cosmetics, would result in ingestion, inhalation and absorption of the asbestos present therein.

19.    Though defendant has initiated a recall, this recall only covers one stock keeping unit (SKU) and single lots for the eye shadows, compact powders and contour palettes.[6]

20.    Defendant's voluntary recall is fraught with complexity and hurdles and fails to compensate plaintiffs and class members for their damages and necessity of future diagnostic screening.

21.    Plaintiff and other members of Class have been improperly exposed to a known hazardous substance, have been sold a product not fit for its intended purpose, and would not have purchased the Products had they known all of the facts.

22.    Due to such presence of and exposure to asbestos, plaintiffs and class members are at an increased risk of asbestos-related harm and will require advanced diagnostic screening, at significant cost and expenditure.

23.    Plaintiffs have suffered economic injury resulting from the purchase of a hazardous, defective and dangerous items and costs for diagnostic screening required to mitigate and prevent the harm caused by exposure to asbestos.

24.    The Products contain other representations which are misleading and deceptive.

---

[6] https://www.fda.gov/Safety/Recalls/ucm633237.htm

25.    Excluding tax, the Products cost no less than $0.29, a premium price compared to other similar products which do not contain asbestos.

## Jurisdiction and Venue

26.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

27.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

28.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

29.    Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

30.    A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

31.    Plaintiff Bowman is a citizen of Queens County, New York who purchased the Products within this district and/or state.

32.    Plaintiff Cosgrove is a citizen of Broward County, Florida who purchased the Products within this district and/or state.

33.    John and Jane Doe plaintiffs are citizens of the other 48 states.

34.    Defendant is a Florida corporation with a principal place of business in Hoffman Estates, Illinois.

35.    During the class period, plaintiffs purchased one or more Products for personal use, for no less than $.29 per product, excluding tax, within their respective districts and/or states.

5

36.     Plaintiffs paid this premium because prior to purchase, plaintiffs saw and relied on the misleading representations and expected the Products would not contain asbestos.

37.     Plaintiffs would purchase the Products again if there were assurances that the Products' have been independently verified and authenticated to be free of asbestos.

## Class Allegations

38.     The classes consist of all consumers in the fifty (50) states, including sub-classes comprised of persons in New York and Florida, who purchased any Products during the statutes of limitation.

39.     A class action is superior to other methods for fair and efficient adjudication.

40.     The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

41.     Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers as to the absence of the carcinogen asbestos and if plaintiffs and class members are entitled to damages.

42.     Plaintiffs' claims and the basis for relief are typical to other members because all were subjected to the same representations.

43.     Plaintiffs' are an adequate representative because his/her/their interests do not conflict with other members.

44.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

45.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

46.     Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

47.     Plaintiffs seek class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350, Florida Deceptive and<br>Unfair Trade Practices, Act, § 501.201 ("FDUTP")<br>and Consumer Protection Statutes of Other States and Territories</u>

48.     Plaintiffs and John and Jane Doe plaintiffs, representing the forty-eight (48) other states where they reside and purchased the Products, incorporate by reference all preceding paragraphs and assert causes of action under the consumer protection statutes of all fifty (50) states.

a. Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;

b. Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;

c. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;

d. California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et. seq.*;

e. Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;

f. Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;

g. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;

h. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;

i. Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes*§ 501.201, *et. seq.*;

j. Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;

k. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;

7

l.  Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;

m.  Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;

n.  Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;

o.  Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;

p.  Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;

q.  Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;

r.  Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;

s.  Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;

t.  Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;

u.  Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;

v.  Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;

w.  Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;

x.  Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;

y.  Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;

z.  New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;

aa.  New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;

bb. New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;

cc. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;

dd. Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;

ee. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;

ff. Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

gg. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;

hh. South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;

ii. South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;

jj. Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et. seq.*;

kk. Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;

ll. Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;

mm. West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;

nn. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*

49.    Defendant's representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

50.    Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

51.    Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, to not contain or expose them to asbestos, given the product

type.

52.     The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

<u>Negligence and Negligent Misrepresentation</u>

53.     Plaintiffs incorporates by references all preceding paragraphs.

54.     Defendant misrepresented the Products' composition by failing to disclose the presence of asbestos.

55.     Defendant had a duty to exercise reasonable care in the production, design, manufacture, sale and/or distribution of the Products

56.     Defendant had a duty to assure that the Products did not contain asbestos and to warn consumers they did contain asbestos.

57.     Defendant failed to act expeditiously and on its own volition to institute the appropriate voluntary recalls and confiscation, upon first being notified by any of its internal auditing that the Products contained asbestos.

58.     Defendant's duty is based on its purported position as a self-designated learned intermediary in the cosmetics retail industry, which has held itself out as having special knowledge in the production, distribution and sale of the product type.

59.     Defendant negligently misrepresented and/or negligently omitted material facts.

60.     Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

61.     Plaintiff and class members would not have purchased the Products, and/or paid as much if the true facts had been known, thereby suffering damages.

10

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

62.    Plaintiff incorporates by references all preceding paragraphs.

63.    Defendant manufactures, packages, distributes and sells Products which purport to be safe for their ordinary use, application and merchantable.

64.    The sale of the Products warrants to consumers that they will not contain harmful substances like asbestos, because no reasonable consumer would purchase such a product.

65.    Defendant warranted the absence of asbestos to plaintiffs and class members, by failing to disclose the presence or potentiality of presence, on the Products, when this was not truthful and was misleading.

66.    The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

67.    Plaintiff and class members relied on defendant's claims, paying more than they would have.

Fraud

68.    Plaintiff incorporates by references all preceding paragraphs.

69.    Defendant's purpose was to mislead consumers who seek cosmetic products that will be safe for their ordinary use and that adequate manufacturing methods will be used to prevent the presence of asbestos.

70.    Defendant's intent was to secure economic advantage in the marketplace against competitors.

71.    Plaintiff and class members observed and relied on defendant's claims, causing them

11

to pay more than they would have, and would not have paid any amount therefor, entitling them to damages.

Unjust Enrichment

72.    Plaintiff incorporates by references all preceding paragraphs.

73.    Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE,** plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3. Requiring defendant to implement safety and monitoring systems such as third-party laboratory testing of all products for no fewer than two years;

4. Requiring defendant to inform all persons who purchased the Products, based upon purchase documents contained exclusively in defendant's records, of the availability of diagnostic screening and issuance of full monetary refund in lieu of store credit or exchange;

5. Requiring defendant to disclose all suppliers or supply-chain participants, subject to the Court's Protective Orders;

12

6. Requiring defendant to cease and desist from their current recall and instead to implement a full recall with reasonable procedures that allow Plaintiffs and class members to more easily participate in the recall to obtain a full refund and diagnostic screening;

7. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law, GBL, FDUTP and other statutory claims;

8. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

9. Such other and further relief as the Court deems just and proper.

Dated:   March 13, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com


Joshua Levin-Epstein
New York, NY 10119

1:19-cv-01459
United States District Court
Eastern District of New York

Leslie Bowman, Angela Cosgrove, individually and on behalf of all others similarly situated

Plaintiff

- against -

Claire's Stores, Inc.

Defendant

# Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  March 13, 2019

/s/ Spencer Sheehan
Spencer Sheehan